IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRYSTAL HOWERY,

    Plaintiff,

  v.

INTERNATIONAL ASSOCIATION
OF MACHINISTS AND AEROSPACE
WORKERS, DISTRICT LODGE 751,

    Defendant.

No. C 14-01980 WHA

**ORDER RE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE AND ORDER TO TRANSFER TO ANOTHER DISTRICT**

### STATEMENT

*Pro se* plaintiff Crystal Howery alleges that defendant International Association of Machinists and Aerospace Workers, District Lodge 751 discriminated against her as a union member under Title VII and refused to "grieve, arbitrate, intervene, or fairly represent" her in discrimination claims arising out of her employment with The Boeing Company in Washington state. District Lodge 751 filed a motion to dismiss the complaint under FRCP 12(b)(2) and (3), alleging lack of personal jurisdiction and improper venue. Ms. Howery then failed to respond to the motion by the deadline. Nonetheless, an order extended her deadline to respond and she did.

The hearing was originally set for October 30, 2014. On October 20, however, the Clerk rescheduled the hearing so that it would take place one day earlier (*i.e.*, at 8:00 AM on October 29). Notice of that rescheduling was mailed that day to Ms. Howery. She did not appear for the hearing, however, even though this matter was called at the beginning of the October 29

calendar, and then again at the end of that calendar. As a result, the undersigned judge proceeded with the hearing only with defense counsel present.

Ms. Howery called and left a voice message with the Clerk later that afternoon, saying that she had been on a two-week, out-of-state trip, and only recently returned to read her mail (which included the notice rescheduling the hearing). An October 30 order acknowledged this unfortunate circumstance and requested that both parties provide supplemental briefing regarding the application of venue statutes 29 U.S.C. 185(c) and 28 U.S.C. 1391(b) by November 14, 2014, the main issue discussed at the hearing. This order now follows.

**ANALYSIS**

District Lodge 751 moves to dismiss based on lack of personal jurisdiction and improper venue.

**1.** **PERSONAL JURISDICTION**.

Personal jurisdiction may be either general or specific to the allegations in the complaint, and when a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenneger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted).

Under general jurisdiction, a non-resident defendant whose contacts with a state are "substantial" or "continuous and systematic" may be haled into court in that state in any action, even if the action is unrelated to those contacts. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). All of a defendant's activities are to be considered in assessing contacts with the forum, including "whether the defendant makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated there." *Ibid.*

While it is undisputed that District Lodge 751 maintains its principal office in Seattle, Ms. Howery avers in her signed declaration that District Lodge 751 represents workers in California and maintains assets with Wells Fargo Bank headquartered in California. District Lodge 751 concedes that it represents approximately 20 machinists in Southern California (Reply 2). Ms. Howery also appended to her declaration a copy of the District Lodge

751 website, which states that District Lodge 751 "represents the 45,000 active, retired and laid-off workers at the Boeing Company in Puget Sound and California."

Ms. Howery has presented facts showing that District Lodge 751 maintains substantial or continuous and systematic contacts with California. District Lodge 751's admitted representation of employees in California approximates a physical presence in the state. Additionally, its website states that District Lodge 751 represents California employees, an indication that District Lodge 751 solicits and engages in California business. Taking Ms. Howery's allegations as true for now (subject to proof at trial), this showing is sufficient at this stage to justify the exercise of general personal jurisdiction over District Lodge 751.

**2.    VENUE.**

District Lodge 751 next alleges that venue is improper in this district under three separate venue statutes: (1) the general venue statute, 28 U.S.C. 1391(b); (2) the Title VII venue statute, 42 U.S.C. 2000e-5(f)(3); and (3) the Labor Management Relations Act venue statute, 29 U.S.C. 185(c). This order considers the general venue statute last.

District Lodge 751 alleges that venue is improper under Title VII. This order agrees. 42 U.S.C. 2000e-2(c)(1) provides that it shall be an unlawful employment practice for a labor organization "to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin." The Title VII venue statute, Section 2000e-5(f)(3), states that an action:

> . . . may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

Ms. Howery's complaint explicitly invokes Title VII and states that jurisdiction for this action is proper under 42 U.S.C. 2000e-5 (Compl. 1). Her complaint does not allege, however, that any unlawful employment practices were committed in California. Neither does it allege that District Lodge 751 maintains or administers its employment records in California.

3

Ms. Howery worked in The Boeing Company plant in Washington and was terminated there. All of her union dealings were in Washington.

Ms. Howery states in her opposition that "Boeing transferred a huge number of I.T. jobs to California" and that "[h]ad the Union properly represented me, I would have been working within I.T. departments of Boeing or it's [sic] subsidiaries in California" (Opp. ¶¶ 12, 13). But she was a machinist, not an I.T. specialist (Opp. ¶ 18). Venue for Ms. Howery's Title VII claim is proper therefore only in the district in which District Lodge 751 maintains its principal office. Because the principal office of District Lodge 751 is in Seattle, venue is proper under Section 2000e-5(f)(3) in the Western District of Washington — not the Northern District of California.

This order turns next to Section 301 of the LMRA, codified at 29 U.S.C. 185, which provides:

> Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

This section does not apply directly to the instant action, as Ms. Howery is an *individual employee* bringing suit against a *labor organization*.

However, Section 185(c), as part of the same statutory scheme, provides:

> For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

Section 185(c), while not styled as such, is a venue provision. *Central Operating Co. v. Utility Workers of America, AFL-CIO*, 491 F.2d 245 n.6 (4th Cir. 1974).

If Section 185(c) applies, venue is improper here. Ms. Howery's supplemental brief answers that she has not alleged violations of any contract and that this provision is irrelevant. An employee may only bring an action against a union under Section 301 if that action is

4

1  "hybrid" in nature, meaning that the employee alleges both a breach of the collective bargaining
2  agreement by the employer and a breach of the duty of fair representation by the union. If an
3  employee brings a hybrid action against only the union, the employee must still prove a
4  breach of the collective bargaining agreement and a breach of the duty of fair representation.
5  *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 163–65 (1983).

6  An employee may, however, bring a fair representation action outside of Section 301.
7  "[F]ederal-court jurisdiction exists over a fair representation claim regardless of whether it is
8  accompanied by a breach-of-contract claim against an employer under § 301. . ." *Breininger v.*
9  *Sheet Metal Workers International Association Local Union No. 6*, 493 U.S. 67, 83 (1989).
10 A union breaches the duty of fair representation when its conduct toward a member of the
11 bargaining unit is arbitrary, discriminatory, or in bad faith. *Marquez v. Screen Actors Guild*,
12 525 U.S. 33, 44 (1998). Here, Ms. Howery's complaint does not allege a breach of the contract
13 between District Lodge 751 and her employer. She therefore does not bring a hybrid action
14 governed by Section 301 and its venue provision. Ms. Howery only alleges a breach of the
15 duty of fair representation by District Lodge 751. Absent the specific venue mandates of
16 Section 185(c), Ms. Howery's fair representation claim is governed by the general venue statute,
17 28 U.S.C. 1391(b).

18 This order finds that venue would be proper in this district in the absence of the Title VII
19 claim but, given the Title VII claim, its specific venue provision should govern over the general
20 venue provision. Under the general venue provision, District Lodge 751 can be sued in this
21 district under Section 1391(b)(1) because defendant is a "resident" of California by reason,
22 under Section 1391(c)(2), of its being subject to personal jurisdiction here. Nevertheless,
23 because Title VII vests venue in the Western District of Washington, that specific venue
24 provision should trump the general venue statute, especially since venue would be acceptable
25 in the Western District of Washington for all claims, including under the general venue statute.
26 *See, e.g., Trujillo v. Total Business Systems, Inc.*, 704 F.Supp. 1031, 1032 (D. Colo. 1989)
27 (holding that the specific Title VII venue provision controls over the general Section 1391 venue
28

5

provision).  No case law going the other way has been cited by the parties or found by the undersigned judge.

\*            \*            \*

Accordingly, for the reasons stated above District Lodge 751's motion to dismiss for lack of personal jurisdiction is **DENIED**.  Venue being improper in this judicial district, the **CLERK** shall transfer this case to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. 1406(a).  The **CLERK** shall close the file.

**IT IS SO ORDERED.**

Dated:  November 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6